(Court of Appeal, Parish of Orleans).

# HOMER J. DAIGLE vs. NATIONAL CASH REGISTER COMPANY.

Medlenka & Taylor, Titche & Rogers attorneys for plaintiff and appellee.

Dinkelspiel, Hart & Davey for defendant and appellant.

ST. PAUL, J.—Certain creditors of one Adolph Baumann, including plaintiff herein, obtained judgment against him at his domicile in the Parish of Acadia, and to satisfy their judgment seized the contents of his store, consisting of a stock of merchandise and furniture and fixtures therein contained. The sale was made in block and Homer J. Daigle, plaintiff herein, became the purchaser. Defendant herein was not party to those proceedings.

Included in the sale was a cash register which the defendant herein, National Cash Register Company, had sold to Bauman, and for which the latter had not paid.

This register was shipped by Daigle to the City of New Orleans to be sold, and whilst in said city was seized by the National Cash Register Company, as the property of said Baumann, and in satisfaction of its vendor's lien. Daigle intervened claiming the ownership of the register, the National Cash Register Company bonded and took

into its possession the register which had been seized, and without answering the intervention moved a discontinuance of its suit.

Daigle then brought this action to recover the cash register or its value.

The National Cash Register Company answered in substance that Daigle is not the owner of the register, because the sale to him was a nullity, and as a ground of nullity urges: **First,** That Daigle was the Sheriff's keeper in the seizure under which the register was sold. **Second,** That the property seized was not appraised, advertised and sold according to law, but was appraised and sold in block without legal advertisement and at a place other than that appointed by law. That in any event Daigle cannot obtain possession of the register without first satisfying defendant's vendor's lien thereon.

We know of no law which forbids a Sheriff's keeper to purchase at a Sheriff's sale, unless it be shown that he bids in the property for account of the Sheriff, which is not even suggested in this case.

And granting that the failure to appraise, advertise and sell the property under seizure, in strict accordance with all the requirements of law deprived the sale of its judicial character, nevertheless, as the sale was made with the consent of the owner (given in writing to the Sheriff), it was not the less valid as a conventional sale, and vested a title in the purchaser. **Moore vs. Hampton, 3 An. 192.** Such a sale might not have all the effects of a judicial sale, but it would produce all the effects of a conventional sale.

One of the effects of a conventional sale, when no fraud is shown (and none is charged in this case) is that the title to the property passes to the purchaser free of the vendor's lien in favor of any former vendor, hence, plaintiff is not obliged before recovering his property to pay defendant the balance due it by Baumann.

As to the value of the register it is shown that the price thereof F. O. B. at Dayton, Ohio, was $495.00. The freight to Iota or New Orleans amounted to something, and the cost to Baumann representing its true value at the time was, therefore, something more than $500.00, one witness says about $550.00, the same witness testifies that the machine was practically new and its value was $500.00. This is uncontradicted.

There was judgment in the court a qua in accordance with the prayer of the petition, and we believe that judgment to be correct.

But plaintiff and appellee, has answered this appeal praying that the judgment be amended so as to eliminate that part which directs defendant to return the property sued for and leave only a judgment for the value thereof. This we cannot grant. Plaintiff is primarily entitled only to the return of the property in the same good condition as when first taken by defendant. It is only when defendant fails to return the property in that condition or where it is shown by evidence that defendant cannot do so that plaintiff can recover the value thereof, and there is no evidence whatsoever in this record on that subject.

Nor do we feel authorized to allow plaintiff anything for the use of the register as suggested in his brief. The wear and tear on the machine, if it has been used have necessarily impaired its value and condition. Plaintiff cannot, therefore, ask that he be given the machine in the same condition as when received, and at the same time demand compensation for its use.

The judgment of the Court a qua may not fully repair all the injury which plaintiff has suffered, but Courts do not pretend to administer anything but human justice. Which at least is but imperfect; they cannot always fully repair all the wrong which comes before them. For instance, even the defendant in this case has undoubtedly

— 179 —

suffered an injury which the Court is powerless to redress, and to which plaintiff, even though innocently, has in a measure contributed as a party to the irregular, though quite valid sale, of Baumann's property.

Courts can only do their best with the lights before them, but when a litigant has been granted all that he demands, he, at least, is in no position to complain on appeal of the justice meeted out to him.

We think the judgment of the District Court is correct, and it is, therefore, affirmed.

January 24, 1910.

Rehearing refused February 21, 1910.

Writ refused by Supreme Court March 16, 1910.